IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOLLY A. PHILLIPS,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　Defendant. | Civil No. 3:09-CV-5025-RBL-KLS<br><br>ORDER FOR REMAND |

Based on the stipulation of the parties, it is hereby ORDERED that the above captioned case be reversed and remanded for further administrative proceedings.

Upon remand, the Appeals Council is prepared to direct an Administrative Law Judge to: Hold a de novo hearing and further develop the medical evidence as necessary. Based on the expanded record, further consider the severity of all of Plaintiff's impairments. In so doing, the ALJ will give further consideration to the treating and examining source opinions, including the opinion evidence provided by Martin Donohue, M.D., Iftikhar A. Chowdhry, M.D., Fernando D. Proano, M.D., Shane D. Dunaway, M.D., Edwin Hill, Ph.D., and Elizabeth Koenig, M.D., pursuant to the provisions of 20 C.F.R. §§ 404.1527 and 416.927, and Social Security Rulings 96-2p and 96-5p, and nonexamining source opinions pursuant to the provisions of 20 C.F.R. §§ 404.1527(f) and 416.927(f) and Social Security Ruling 96-6p. The hearing decision should provide rationale that explains the weight given to such opinion evidence,

Page 1　　ORDER - [3:09-CV-5025-RBL-KLS]

clearly articulates the reasons for such weight that correlates to the evidence of record, and explains how opinion evidence which is rejected is inconsistent with the evidence of record. As appropriate, the Administrative Law Judge may request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what Plaintiff can still do despite the impairments, (20 C.F.R. §§ 404.1512 and 416.912).

The ALJ will obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's fibromyalgia and other impairments (20 C.F.R. §§ 404.1527, 416.927f, and Social Security Ruling 96-6p). The medical expert should offer an opinion considering the severity of Plaintiff's impairments, singularly and in combination, and the limitations derived from such. The ALJ will further evaluate Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms 20 C.F.R. §§ 404.1529, 416.929, and Social Security Ruling 96-7p. In so doing, the hearing decision should show consideration of all factors in the record, including the objective medical evidence, Plaintiff's own statements about symptoms, any statements and other information provided by treating or examining physicians or psychologists, and other persons about the symptoms and how they affect Plaintiff, and any other relevant evidence in the case record including Plaintiff's daily activities; the location, duration, frequency, and intensity of Plaintiff's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication Plaintiff takes or has taken to alleviate pain or other symptoms; treatment, other than medication, Plaintiff receives or has received; any measures other than treatment Plaintiff's uses or has used to relieve symptoms; and any other factors concerning Plaintiff's functional limitations and restrictions due to her symptoms.

The ALJ will give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 C.F.R. §§ 404.1545, 416.945, and Social Security Rulings

96-8p and 85-16). If warranted by the expanded record, the ALJ will obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base (Social Security Ruling 83-14 and 96-9p). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p). The ALJ will take whatever other steps are necessary to render a new decision in this matter.

This remand is made pursuant to sentence four of 42 U.S.C. §§ 405(g), 1383(c)(3). Reasonable attorney fees will be awarded based on a petition filed under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

DATED this 7th day of July, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Recommended for Entry:

s/Karen L. Strombom
UNTIED STATES MAGISTRATE JUDGE

Presented by:

s/ Terrye E. Shea
TERRYE E. SHEA
Special Assistant United States Attorney
Office of the General Counsel
701 Fifth Ave, Ste 2900, M/S 901
Seattle, WA 98104
(206) 615-2143
Terrye.Shea@ssa.gov